UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LATASHA N. HEATH,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-198

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and Child Disability Benefits ("CDB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (docs. 7, 8),[2] and the record as a whole.

## I.

**A.**     **Procedural History**

Plaintiff originally filed an application for CDB on November 6, 1998 and an application for SSI on May 31, 2011 alleging disability as of January 1, 1984, when Plaintiff was eight years old. PageID 205-14. She is now 42 years old. *Id.* Plaintiff alleges disability as a result of a number of alleged impairments including, *inter alia*, major depressive disorder, anxiety,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

borderline intellectual functioning, and attention deficit hyperactivity disorder ("ADHD"). PageID 46.

After an initial denial of her applications, Plaintiff received a hearing before ALJ David A. Redmond on April 5, 2013. PageID 62-75. ALJ Redmond issued a decision on July 19, 2013 finding Plaintiff not disabled. PageID 44-55. Specifically, ALJ Redmond found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a full range of work at all exertional levels subject to specific non-exertional limitations,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 47-56.

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Redmond's non-disability finding the final administrative decision of the Commissioner. PageID 31-33. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). On appeal to this Court, Judge Rose granted the parties' joint stipulation to remand to the Commissioner thereby reversing ALJ Redmond's non-disability finding and remanding the case to the Commissioner for additional administrative proceedings. PageID 617-18.

On remand, Plaintiff received a hearing before ALJ Gregory G. Kenyon on November 14, 2016. PageID 554-90. ALJ Kenyon issued a decision on February 21, 2017 finding Plaintiff not disabled. PageID 528-46. Specifically, ALJ Kenyon found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a full range of work at all exertional levels subject to specific non-exertional limitations,[4] "there are jobs in that exist in significant numbers in the national economy that [she] can perform[.]" PageID 541-46.

---

[3] ALJ Redmond limited Plaintiff to "unskilled work featuring no more than occasional personal contact and no production quotas." PageID 49.
[4] ALJ Kenyon limited Plaintiff to: "(1) no climbing of ladders, ropes, or scaffolds; (2) no exposure to hazards such as unprotected heights or dangerous machinery; (3) limited to performing unskilled, simple, repetitive tasks; (4) no more than occasional contact with co-workers and supervisors; (5) no public contact; (6) no fast-paced production work or jobs involving strict production quotas; (7) limited to a relatively static work environment in which there is very little, if any change in job duties or work routine from one day to the next and in which any changes to job duties could be explained by a supervisor." PageID 541.

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Kenyon's non-disability finding the final administrative decision of the Commissioner. PageID 31-40. *See Casey*, 987 F.2d at 1233. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in ALJ Kenyon's (hereafter "ALJ") decision (PageID 524-46), Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), and Plaintiff's reply (doc. 12). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the

Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, including SSI or CDB/DIB, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff alleges the ALJ erred by: (1) improperly weighing opinion evidence, namely treating psychiatrist Steven Taylor, M.D.; (2) failing to include extra breaks in her RFC; (3) improperly relying upon her babysitting as evidence of non-disability; and (4) improperly evaluating her credibility. Doc. 10 at PageID 1141-49. Finding merit to Plaintiff's first alleged error, the undersigned does not address the merits of the remaining alleged errors.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, which control here, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r*

*of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakley*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.*

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

The medical evidence of record in this case includes, *inter alia*, an opinion from Plaintiff's treating psychiatrist, Dr. Taylor. PageID 826-27. On February 25, 2015, Dr. Taylor

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id*.

opined that Plaintiff was markedly[6] limited in her ability to perform many work-related functions. PageID 534, 537, 826-27. Dr. Taylor also opined that Plaintiff is "unemployable." PageID 826. The ALJ assigned Dr. Taylor's opinion "little weight" as his opinion "has no foundation in the medical record and could only be based on unqualified acceptance of [Plaintiff's] subjective complaints and allegations." PageID 534.

With regard to Dr. Taylor's opinion that Plaintiff is "unemployable," the ALJ properly weighed and provided a meaningful explanation for not relying on that statement. PageID 534. A medical source's opinion -- including the opinion of a treating medical source -- that a Plaintiff is disabled is an issue "reserved to the Commissioner" and not entitled to "any special significance." 20 C.F.R. § 416.927(d). While such an opinion must be considered, *see* SSR 96-5p, 1996 WL 374183, at *2-3 (1996), the ALJ did so in this case. *See id.* Thus, the ALJ followed the proper regulatory procedures in considering the portion of Dr. Taylor's opinion stating Plaintiff was "unemployable," and his conclusion concerning such opinion is supported by substantial evidence.

However, with regard to Dr. Taylor's more specific workplace limitations contained in his 2015 opinion, the undersigned initially notes the ALJ's failure to mention the concept of "controlling weight." PageID 534. As to Dr. Taylor's more specific opinion, the Court finds the ALJ erred by failing to specifically analyze the § 416.927(c)(2) controlling weight factors, *i.e.*, whether Dr. Taylor's opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and whether the opinion is consistent "with the other substantial evidence in [the] case record." *LaRiccia*, 549 F. App'x at 384. Such failure constitutes reversible error, *see Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 U.S. Dist. LEXIS 115119, *1, at *14 (S.D. Ohio Aug. 19, 2014), because the lack of explanation regarding

---

[6] "Marked" limitations are suggestive of disability. See 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

7

the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (citations omitted).

Even assuming, *arguendo*, that the ALJ conducted the controlling weight test -- which the undersigned concludes he did not -- the undersigned further finds the ALJ gave only conclusory reasons as to the ultimate weight accorded. PageID 534. Specifically, while the ALJ found Dr. Taylor's opinion "has no foundation in the medical record," the ALJ fails to cite any specific treatment note or other part of the record in support of such conclusory contention. Such omission is error and a separate, independent grounds meriting reversal. *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551-52 (6th Cir. 2010) (holding that "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record" in the absence of "some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion" is accorded lesser weight).

Based on all of the foregoing, the undersigned finds error in the ALJ's analysis of Dr. Taylor's medical opinion. Accordingly, the undersigned recommends that the Commissioner's non-disability finding be reversed.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17

F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

Following a careful review of the record, the undersigned finds that factual issues remain unresolved and that evidence of disability is not overwhelming. Accordingly, remand for further proceedings is proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The ALJ's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date: February 27, 2018                    s/ Michael J. Newman
                                           Michael J. Newman
                                           United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).